# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| ALEXIS DEGIDIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CRAZY HORSE SALOON AND RESTAURANT, INC., d/b/a THEE NEW DOLLHOUSE,<br><br>Defendant. | Case No.<br><br><br><br>Complaint – Class/Collective Action<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alexis DeGidio ("Plaintiff"), individually and on behalf of all similarly situated employees, brings this Class/Collective action lawsuit against Defendant Crazy Horse Saloon and Restaurant, Inc., d/b/a Thee New DollHouse ("Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110, and common law. Plaintiff, on behalf of herself and all others similarly-situated, alleges as follows:

## INTRODUCTION

1.  As explained herein, under applicable federal and state employment laws, all employees are entitled to fair compensation, overtime compensation, and the retention of tips/gratuities received from customers, unless statutorily exempt. Because they are plainly "employees" under the applicable laws, Plaintiff and the class members should have been paid fair wages, given overtime compensation, and allowed to retain all tips/gratuities provided by customers. To avoid complying with these laws designed to protect employees from employer abuse, Defendant (as defined herein) improperly classified Plaintiff and other exotic entertainers ("Dancers") as "independent contractors." As a result of this improper classification, Defendant

1

(1) avoided paying Plaintiff and class members at least the applicable minimum wage; (2) regularly required Plaintiff and class members to work in excess of forty hours per week, and then failed to pay them premium overtime compensation; and (3) improperly collected a portion of the tips Plaintiff and other Dancers received from customers. As set forth herein, such conduct is in violation of the applicable state and federal wage and hour laws.

2. Dancers, including Plaintiff and her current and former co-workers, work in an "unorganized" industry where many workers are "disenfranchised" by the wide disparities in bargaining power between workers and club owners. *See* Holly Wilmet, *Naked Feminism: The Unionization of the Adult Entertainment Industry*, 7 Am. U.J. Gender Soc. Pol'y & L 465, 466 (1999).

3. Accordingly, adult entertainment clubs, such as those owned and operated by Defendant, are well-positioned to take advantage of Dancers and routinely deny them basic workplace rights.

4. Over the past two decades, the United States Department of Labor ("DOL") and courts across the country have recognized that Dancers are employees, not independent contractors, and, accordingly, are entitled to protection under various state and federal wage and hour laws.

5. Despite these significant strides, adult night clubs in South Carolina and across the country routinely deny Dancers the basic protections they are accorded under state and federal law. Defendant is no exception. As set forth herein, Defendant regularly deprives Dancers of their rights under federal law, as well as the laws of South Carolina. Plaintiff brings this lawsuit to address these improper pay practices.

## SUMMARY OF CLAIMS

6. Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA" or the "Act").

7. In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Dancers who have worked for Defendant within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

8. In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, including inappropriately withheld tips, pursuant to the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 (the "PWA"), and common law (the "SC State Laws").

9. Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Dancers who have worked for Defendant in the state of South Carolina during the statutory period covered by this Complaint (the "SC Class").

10. Plaintiff alleges on behalf of the Nationwide Collective Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay the mandatory minimum wage, as required by law; (ii) entitled to unpaid overtime wages for all hours worked in excess of forty in a work week; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

11. Plaintiff alleges on behalf of the SC Class that Defendant violated the South Carolina state laws by, *inter alia*: (i) failing to pay them the appropriate minimum wages for all

3

hours worked; (ii) improperly denying them overtime wages for all hours worked in excess of forty hours in a work week; and (iii) inappropriately withholding and/or deducting unlawful amounts from the gratuities of the SC Class.

## PARTIES

12. Plaintiff Alexis DeGidio is a resident of Myrtle Beach, South Carolina, who was employed by Defendant as a "Dancer" at its North Myrtle Beach, South Carolina location at different times from approximately 2004 through October, 2011. (Plaintiff is currently employed as a member of Defendant's wait staff). While employed by Defendant as a Dancer, Plaintiff was improperly classified as an independent contractor and, consequently, Defendant failed to compensate Plaintiff properly for all hours worked.

13. Plaintiff consents in writing to be Plaintiff in this action and will file an executed Consent To Sue form.

14. Defendant Crazy Horse Saloon and Restaurant Inc., d/b/a Thee New DollHouse, is a South Carolina corporation having a principal place of business at 3102 Hwy 17 S., North Myrtle Beach, South Carolina 29582. Defendant employed Plaintiff as a Dancer.

15. Crazy Horse Saloon and Restaurant Inc. owns and operates Thee New DollHouse, which offers adult entertainment services including adult exotic dancing in the nature of live performances at various locations, including at 3102 Hwy 17 S, North Myrtle Beach, South Carolina 29582.

16. At all relevant times Defendant has transacted business, including the employment of Dancers, within the state of South Carolina, including within this district.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 *et seq*.

18. This Court also has original subject matter jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

19. Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district..

21. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

22. The crux of the FLSA and South Carolina state law is, *inter alia*: (i) that all employees are entitled to be paid mandated minimum wages for all hours worked; (ii) that all employees are entitled to premium overtime compensation for all hours worked in excess of 40 hours a week; (iii) that all gratuities earned by an employee are the property of the employee; and (iv) that wages cannot be diverted from employees to offset the business expenses of the employer, particularly without the express, freely-given consent of the employees.

23. Contrary to these basic protections, Defendant improperly classified its Dancers, including Plaintiff, as "independent contractors" despite Defendant's near total control over them. Consequently, Plaintiff and the members of the Classes (defined herein) were: (i)

deprived of the mandated minimum wage for all hours they worked; (ii) deprived of premium overtime compensation for all hours worked in excess of 40 per workweek; (iii) forced to improperly share a percentage of their gratuities with Defendant; and (iv) forced to reimburse Defendant for its ordinary business expenses.

24.     Plaintiff and the members of the Nationwide Collective Class are, or were, Dancers who worked at any of Defendant's business locations.

25.     Plaintiff and the members of the SC Class are, or were, Dancers who worked at Defendant's business locations in South Carolina.

26.     Thee New DollHouse is operated by Defendant under uniform policies applicable to all members of the Classes. Through these policies and procedures, Defendant maintains significant supervision and control over Plaintiff and members of both Classes.

27.     Notwithstanding Defendant's classification of Dancers as independent contractors, as set forth below, due to the amount of control Defendant has over its Dancers, Dancers are legally Defendant's employees.

28.     Defendant has the power to hire and fire Dancers and has specific rules governing the conditions under which Dancers work.

29.     Further, a Dancer is required to check in with the podium host and "House Mom" as soon as they arrive for their shift. Indeed, there is a sign-in book that the House Mom keeps.

30.     Rather than pay its Dancers the applicable minimum wage, Defendant classified its Dancers as independent contractors and required its Dancers to pay Defendant in order to work at Defendant's establishment. Consequently, Defendant does not compensate Dancers in an amount at least equal to the mandated minimum wage for each hour worked during their shift.

31.     Further, Defendant required its Dancers, including Plaintiff and members of the Classes, to pay "House Fees" for each shift that Dancers worked.

32.     Typically, the House Fees range from $25 per shift to $100 per shift and are changed by Defendant without any advance notice to the Dancers.

33.     It is black letter law that tips received by an employee are the employee's tips and an employer has no ownership interest in said tips.  Indeed, according to the DOL's Regulations, "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA."  29 C.F.R. § 531.52.  Despite this plain fact, Defendant unlawfully retained a portion of tips Dancers received from Defendant's customers.

34.     Defendant mandates the fees a Dancer may charge customers for her services.  By way of example, Defendant maintains a policy establishing the amount a Dancer is required to charge for private performances.

35.     For example, Defendant mandates that the price of a private "lap dance" for one song is $30, of which a Dancer must pay Defendant $10, and that the price for a private dance for 30 minutes is $300, of which a Dancer must pay Defendant $50.

36.     As a result, customers who believe that they are tipping Dancers a certain amount are actually tipping them less, due to the aforementioned deductions taken by Defendant.

37.     As set forth below, these deductions are in contravention of applicable law.

38.     In addition, Defendant also subjects Dancers to mandatory tip-outs.  That is, Dancers are required to pay cash to certain of Defendant's employees.  Importantly, the individuals that Defendant requires its Dancers to share their tips with do not provide customer service.

39. Upon information and belief, Defendant uses these tips paid by Dancers to offset its ordinary business expenses. Stated another way, Defendant requires Dancers to pay cash to these individuals so that Thee New DollHouse can then reduce its labor costs by having the Dancers supplement the compensation Defendant pays its other employees.

40. The number of individuals Dancers are required to pay is numerous and the tip amount is significant. Defendant has a *mandatory* tip out policy whereby Dancers must each pay a minimum of (i) $10 to the House Mom, (ii) $5 to the club's DJ, (iii) $5 to the valet attendant, and (iv) $5 to the Floor Host. The aforementioned amounts are the required minimum "tip."

41. As a result of the mandatory house fees and required tip-outs, Dancers sometimes receive little to no actual compensation despite hours of work.

42. Thee New DollHouse requires Dancers to wear certain types of clothes, including a "dancer's G-string." If a Dancer does not have such apparel, they are required to purchase their uniforms from the House Mom, and Defendant does not reimburse them for the cost of their uniforms. In addition, Defendant does not pay for the cost of laundering or maintaining these unique uniforms.

43. Exemplifying the degree of control Defendant has over Plaintiff and members of the Classes, Dancers are not permitted to select their own music.

44. In short, Defendant maintains significant supervision and control over Plaintiff and members of the Classes and sets the rules governing the conditions under which Dancers work.

45. Defendant prohibits its Dancers from doing a number of activities while on duty. Such prohibitions include: (i) leaving the stage until the end of the Dancer's routine unless excused by the DJ, (ii) changing into street clothes before the end of the Dancer's shift, (iii)

wearing certain types of platform shoes and/or certain kinds of underwear, (iv) chewing gum while at work, (v) using profane language with a customer, and (vi) discussing the terms of a Dancer's compensation with a customer (*i.e.,* what portion of a "lap dance" a Dancer keeps).

46.    The extent of Defendant's control over its Dancers is demonstrated by the fact that Dancers were prohibited from performing at any competing clubs during the same period they worked at Thee New DollHouse.

47.    Defendant has been unjustly enriched to the detriment of the Classes by: (i) requiring Dancers to pay money out of their tips to pay for the ordinary business expenses of Defendant; (ii) requiring Dancers to forfeit a portion of their tips to Defendant; (iii) paying Dancers less than the mandated minimum wage while failing to comply with the requirements for doing so; and (v) failing to pay Dancers premium overtime compensation for all hours worked in excess of forty in a work week.

48.    Further evidencing Defendant's unjust enrichment, when Plaintiff and members of the Classes appear outside the club on Defendant's behalf, they receive no remuneration for their time.

49.    In addition, Defendant does not compensate Plaintiff or other members of the Classes for Defendant's use of the Dancers' image on Defendant's website and/or Facebook page.

50.    At all times relevant to this Complaint, Plaintiff believed she was an employee of Defendant. Indeed, Plaintiff made appearances at public events representing herself as a Dancer of Defendant and advertising Defendant's business.

51.    Evidence generally reflecting the number of uncompensated hours worked by Dancers is in the possession of Defendant.

52. While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of discovery. Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b). Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the SC Class for claims under the South Carolina state laws.

54. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims brought pursuant to the South Carolina state laws may be pursued by all similarly-situated persons who do not opt out of the SC Class pursuant to Fed. R. Civ. P. 23.

55. Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over one hundred individuals in each of the Classes.

56. Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole appropriate.

57. The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendant and

were subject to the same compensation policies and practices, including not being compensated for all hours worked.

58. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

- (a) whether Plaintiff and Dancers were improperly classified as independent contractors by Defendant;
- (b) whether Defendant has failed to pay minimum wages for each hour worked;
- (c) whether Plaintiff and Dancers were required to pay Defendant, in cash, fees for each shift worked;
- (d) whether Defendant improperly retained and/or diverted any portion of Plaintiff's and Dancers' tips;
- (e) whether Defendant has failed to pay overtime compensation for all hours worked in excess of forty hours per workweek;
- (f) whether Defendant provided proper notice to Dancers before setting or changing their compensation;
- (g) whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;
- (h) whether Plaintiff and members of the Classes are entitled to restitution; and
- (i) whether Defendant is liable for attorney's fees and costs.

59. Plaintiff will fairly and adequately protect the interests of the Classes as her interests are in alignment with those of the members of the Classes. Plaintiff has no interests adverse to the Classes she seeks to represent, and she has retained competent and experienced counsel.

60. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

61. Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from Defendant's illegal pay practices.

62. Defendant has acted willfully and has engaged in a continuing violation of the FLSA and South Carolina state laws.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS
### (On Behalf of the Nationwide Collective Class)

63. Plaintiff, on behalf of herself and the Nationwide Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

64. At all relevant times, Defendant has had gross revenues in excess of $500,000.

65. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

67. Pursuant to Defendant's compensation policies, rather than pay Dancers the federally-mandated minimum wage, Defendant improperly classified Plaintiff and other Dancers as independent contractors.

68. As a result of the Defendant's willful practices, Defendant was not entitled to pay Plaintiff and the members of the Nationwide Collective Class less than the mandated minimum wage for all hours worked.

69. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

12

70. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective Class, is entitled to recover from the Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS**
(On Behalf of the Nationwide Collective Class)

71. Plaintiff, on behalf of herself and the Nationwide Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

72. At all relevant times, Defendant has had gross revenues in excess of $500,000.

73. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

74. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

75. At relevant times in the period encompassed by this Complaint, Defendant had, and maintains, a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek due to Defendant's improper classification of Plaintiff and Dancers as independent contractors.

76. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective Class, is entitled to recover from the Defendant

compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
### SOUTH CAROLINA PAYMENT OF WAGES ACT
**(On Behalf of the SC Class)**

78.     Plaintiff, on behalf of herself and the members of the SC Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

79.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the SC Class Members within the meaning of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 ("PWA"). Plaintiff and the SC Class Members are "employees" and are not free from the control and direction of Defendant.

80.     Plaintiff and the SC Class Members worked for Defendant with the clear understanding and agreement by Defendant that their compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

81.     Pursuant to the PWA, "[a]n employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law . . . ." Accordingly, Plaintiff and the members of the SC Class were entitled to receive all compensation due and owing to them.

82.     As a result of Defendant's unlawful policies and practices, as set forth above, Plaintiff and the members of the SC Class have been deprived of compensation due and owing, which Defendant promised to pay in its commitment to abide by applicable wage and hour law, and in violation of the PWA's mandate that no wages be withheld or diverted unless required or permitted under applicable law.

83. Due to Defendant's policy of deducting amounts from the tips of Plaintiff and the SC Class to offset business expenses, Plaintiff and the SC Class were subject to improper deductions from their compensation. Specifically, Defendant unlawfully withheld and diverted monies from the compensation earned by Plaintiff and the SC Class for business expenses of Defendant, including, but not limited to, the cost of employing other workers, in direct violation of the PWA. Plaintiff and the SC Class Members have not expressly and freely given written consent to such deductions, and these deductions were not made in response to a valid wage assignment or deduction order. Such deductions were not for the Plaintiff's and SC Class Members' benefit.

84. Defendant has set, reduced, withheld and/or diverted the wages of Plaintiff and the SC Class Members without providing advance notice of such amounts, and absent any lawfully sufficient reason for such conduct.

85. As a direct and proximate result of Defendant's conduct, Plaintiff and the SC Class have suffered substantial losses and have been deprived of compensation to which they are entitled, including monetary damages in the amount of three times the unpaid wages, as well as costs and reasonable attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**SOUTH CAROLINA COMMON LAW – UNJUST ENRICHMENT**
**(On Behalf of the SC Class)**

86. This Fourth Count is brought in the alternative to the Third Count (violation of the PWA), to the extent that Defendant disavows its agreement to pay Plaintiff and the SC Class in a manner consistent with federal and state wage and hour laws or to the extent that any alleged agreement between the parties is in violation of such laws, and therefore void. Plaintiff, on behalf of herself and the SC Class Members, re-alleges and incorporates by reference paragraphs 1-77 above as if they were set forth again herein.

87. Plaintiff and the members of the SC Class were employed by Defendant within the meaning of South Carolina common law.

88. At all relevant times, Defendant had, and maintains, a willful policy and practice of denying Dancers their full share of gratuities.

89. During the class period covered by this Complaint, Defendant had, and maintains, a willful policy and practice of having Dancers subsidize Defendant's business expenses by requiring Dancers to pay or "tip" certain individuals a required minimum amount. Further, Defendant has a willful policy and practice of not paying Dancers for appearances at events outside the club.

90. Plaintiff and Dancers were subjected to unlawful deductions from their gratuities.

91. Defendant retained the benefits of its unlawful deductions from the gratuities from Plaintiff and Dancers under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

92. Defendant was unjustly enriched by subjecting Plaintiff and Dancers to such unlawful deductions.

93. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the members of the SC Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiff and the SC Class.

94. Plaintiff, on behalf of herself and the members of the SC Class, is entitled to reimbursement, restitution and disgorgement of monies received by Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Nationwide Collective Class and members of the SC Class, prays that the Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Nationwide Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B. Designation of the action as a class action under Fed. R. Civ. P. 23 on behalf of the SC Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the PWA;

D. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E. An award of unpaid minimum wages to Plaintiff and the members of the Classes;

F. An award of unpaid overtime wages to Plaintiff and the members of the Classes;

G. Restitution of wages and gratuities improperly retained by Defendant;

H. An award of liquidated damages to Plaintiff and members of the Classes;

I. An award of treble damages to Plaintiff and members of the Classes to the extent permitted by S.C. Code Ann. § 41-10-80(C);

J. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

K. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Date: August 8, 2013                          Respectfully submitted,

/s/ James L. Ward, Jr.
James L. Ward, Jr., Fed. ID No. 6956
**RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464
Tel: 843-727-6682
Fax: 843-216-6509
jward@rpwb.com

Gary F. Lynch
R. Bruce Carlson
Jamisen A. Etzel
**CARLSON LYNCH LTD**
115 Federal Street, Suite 210
Pittsburgh, PA 15212
Tel: 412-322-9243
Fax: 412-231-0246

Benjamin J. Sweet
Edwin J. Kilpela, Jr.
**DEL SOLE CAVANAUGH STROYD LLC**
200 First Avenue, Suite 300
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110

*Attorneys for Plaintiff*