IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexis Degidio, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Crazy Horse Saloon and Restaurant, Inc., d/b/a Thee New DollHouse,<br><br>Defendant. | Civil Action No.: 4:13-cv-02136-BHH<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant's motion to dismiss or, in the alternative, for summary judgment. (ECF No. 117). For the reasons set forth below, the motion is DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Alexis Degidio is a former dancer at Defendant, the Crazy Horse Saloon and Restaurant, Inc. d/b/a Thee New DollHouse, a strip club in North Myrtle Beach, South Carolina (the "Club"). On August 8, 2013, Plaintiff filed this civil action on behalf of herself and "all similarly situated employees" at the Club for overtime compensation and other relief against Defendant. Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10, *et seq.*

On December 17, 2014, Plaintiff moved for conditional class certification and judicial notice pursuant to 216(b) of the FLSA and class certification under Fed. R. Civ.

1

P. 23. Simultaneously, Defendant moved for summary judgment. On September 30, 2015, this Court issued an Order denying in substantial part Defendant's motion for summary judgment, granting Plaintiff's motion for class certification and judicial notice, and denying Plaintiff's motion for class certification under Rule 23 with leave to refile. Relevant to this motion, the Court found that Plaintiff's SCPWA claims were largely preempted by federal law, but that Plaintiff's SCPWA claim for deductions from tips was not preempted.

On October 26, 2015, Defendant moved for dismissal and/or summary judgment on Plaintiff's remaining SCPWA claim for improper deductions. (ECF No. 117.) Defendant argues the claim should be dismissed for failure to state a claim upon which relief can be granted and that summary judgment is proper because there is no genuine issue of material fact that Defendant did not pay Plaintiff any wages. Because the Court finds that the issue presented is purely a question of law, consideration of summary judgment is inappropriate here. Accordingly, the Court will only consider Defendant's motion under Rule 12(b)(6).

## STANDARD OF REVIEW

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions," and "a

formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  In considering a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Colon Health Centers of Am., LLC v. Hazel*, 733 F.3d 535, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss . . . ." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 30 (1st Cir. 2010) (Souter, J.).

## DISCUSSION

Plaintiff brings a claim for improper deduction of wages under the SCPWA, alleging that:

> Due to Defendant's policy of deducting amounts from the tips of Plaintiff and the SC Class to offset business expenses, Plaintiff and the SC Class were subject to improper deductions from their compensation. Specifically, Defendant unlawfully withheld and diverted monies from the compensation earned by Plaintiff and the SC Class for business expenses of Defendant, including, but not limited to, the cost of employing other workers, in direct violation of the [SC]PWA.
>
> Defendant has set, reduced, withheld and/or diverted the wages of Plaintiff and the SC Class Members without providing advance notice of such amounts, and absent any lawfully sufficient reason for such conduct.

(Am. Compl. at ¶¶ 83–84, ECF No. 42.) The SCPWA provides in part:

> An employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions as required by subsection (A) of § 41-10-30.

S.C. Code Ann. § 41-10-40.

Defendant asserts that the SCPWA does not apply here. The Club classifies its entertainers as "lessees" or "independent contractors," who are permitted the non-exclusive use of the Club's stages, dressing room, lockers, and semi-private areas for performing. (ECF No. 69-4 ¶ 2.) According to Defendant, the entertainers are paid for performances only by customers, who either pay with cash or Golden Dollars, which Defendant cashes out for the entertainers. (ECF No. 117-2 at 2.) Consequently, Defendant asserts, the entertainers are not paid any wages by the Club—only tips which they receive from customers. Defendant contends that S.C. Code Ann. § 41-10-40 does

4

not define tips as constituting wages, nor does it specifically prohibit any deductions from tips as opposed to wages. Therefore, Defendant argues, Plaintiff cannot establish that Defendant violated the SCPWA through improper deductions from wages.

S.C. Code Ann. § 41-10-10 defines "wages" as

all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract. Funds placed in pension plans or profit sharing plans are not wages subject to this chapter.

Although South Carolina courts have not expressly addressed whether tips may constitute wages under the SCPWA, another court in this district has considered allegations similar to those made by Plaintiff and found that they were "sufficient to plausibly state a claim under S.C. Code Ann. § 41-10-30." *Foster v. M5 Hosp. Grp., LLC*, No. 4:14-CV-4517, 2015 WL 5024404, at *5 (D.S.C. Aug. 24, 2015); *Spallone v. SOHO Univ., Inc.*, No. 4:15-CV-1622, 2015 WL 5098154, at *5 (D.S.C. Aug. 31, 2015). In the related cases *Foster* and *Spallone*, the plaintiffs alleged that tips constitute wages and that their employers improperly made deductions from their wages through a tip pool. *Foster*, 2015 WL 5024404, at *5; *Spallone*, 2015 WL 5098154, at *5. The court denied the defendants' motions to dismiss this SCPWA claim in both cases, noting that "[t]he defendants have not asserted that the plaintiff has not sufficiently pled the claim, only that the claim is preempted." *Id.* While these cases do not resolve the issue directly before this Court, they indicate that allegations similar to those made in Plaintiff's SCPWA claim can survive 12(b)(6) motions to dismiss.

Recognizing the uncertainty of this issue under South Carolina law, Defendant argues that a case from the Southern District of New York is applicable here and mandates finding that tips are not covered under the statute. *Hart v. Rick's NY Cabaret Intern., Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013), involves facts similar to the instant matter—the *Hart* plaintiffs were dancers at the defendant strip club and brought claims under the FLSA and the New York Labor Law ("NYLL"). The *Hart* court considered the plaintiffs' allegation that defendant "required the dancers to make mandatory daily tip-out payments to management each night" in violation of NYLL § 193. *Hart*, 967 F. Supp. 2d at 936. The court first addressed whether the defendant could be liable under § 193(1), which prohibits improper deductions from wages. *Id.* at 952. In a prior order, the court held, without discussion, "that the performance fees received from customers did not constitute wages," and the parties conceded this point. *Id.* at 936, 951. Accordingly, the court found the plaintiffs could not state a claim under § 193(1). *Id.* at 952.

The *Hart* court then analyzed plaintiff's allegation under § 193(3)(a), which provides that no employer "shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages" under § 193(1). *Id.* 952–953. The court noted that this separate transaction language was added "to assure that employers who could not make certain deductions directly from an employee's paycheck not subvert that prohibition by forcing the employee to pay those same amounts in a separate transaction." *Id.* at 953. Stating, "[i]t would contravene the purpose served by § 193(3)(a) to permit [defendant] to achieve indirectly (by forcing dancers to pay by separate

6

transaction from customer-paid performance fees) what it could not have achieved directly[,]" the court found that defendants could be liable under § 193(3)(a) and granted the plaintiffs' motion for summary judgment on this claim. *Id.* at 954.

As Plaintiff asserts, the circumstances of *Hart* differ from the instant matter, such that Defendant's reliance on *Hart* is misguided. Most importantly, the *Hart* court did not separately analyze whether tips could constitute wages under the New York Labor Law, and the plaintiffs did not argue that point. Rather, the court began its analysis of the plaintiffs' claim under § 193 apparently assuming that tips could not constitute wages as contemplated by the statute. Of course, the likely reason for this method of analysis is that the tip deductions were easily categorized within an alternate provision of the statute ("or . . . payment by separate transaction"), so the question of whether tips constituted wages under the New York Labor Law was ultimately unimportant. There is no alternate provision in § 41-10-10, so the method of statutory construction must proceed differently in this case. In addition, the plaintiffs in *Hart* were ultimately successful in their claim that defendant's mandatory tip-out payments violated the New York Labor Law. While the court found the plaintiffs' claim valid under a portion of NYLL § 193 that does not have an analogous counterpart in the SCPWA, the court emphasized that the legislative intent of the statute would be thwarted if the defendant was not found liable. For these reasons, the Court concludes that *Hart* does not mandate finding that tips do meet the definition of wages under the SCPWA.

While *Hart* appears to be the case most factually similar to the instant matter, courts in other jurisdictions have also considered whether tips can constitute wages

under state wage deduction and wage payment and collection statutes. Plaintiff offers these cases to support her position that South Carolina would also consider tips as wages under the SCPWA. For example, in *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 20 (D.D.C. 2010) the U.S. District Court for the District of Columbia found that tips constituted wages under the District of Columbia Wage Payment and Collection Act ("WPCA"). The WPCA defines wages as "monetary compensation after lawful deductions, owed by an employer for labor or services rendered, whether the amount is determined on a time, task, piece, commission, or other basis of calculation." D.C. Code § 32–1301(3). The *Ventura* court recognized that "this definition does not expressly mention tips," but found that because "the District of Columbia Court of Appeals has considered tips to be an element of compensation in other D.C. labor provisions," the court would likewise consider tips a form of wages. *Ventura*, 738 F. Supp. 2d at 20.

In *Cork v. Applebee's of Michigan, Inc.*, 608 N.W.2d 62, 63 (Mich. App. 2000), the Michigan Court of Appeals considered the plaintiffs' allegations that the defendant's tip-sharing policy violated the Michigan Wage and Fringe Benefits Act ("WFBA"). The WFBA defines wages as "all earnings of an employee whether determined on the basis of time, task, piece, commission, or other method of calculation for labor or services except those defined as fringe benefits under subdivision (e) above." MCL 408.471(f); MSA 17.277(1)(f). The court found that the "clear language of this section indicates to this [c]ourt that tips are included in the definition of wages[,]" noting that the WFBA expressly "precludes an employer from 'demand[ing] . . . from an employee, a fee, gift, tip, gratuity, or other remuneration . . . as a condition of employment.'" *Cork*, 608 N.W.2d at 65.

In *Servenen v. EmpireCLS Worldwide Chauffeured Servs.*, 2010 WL 5392873, at *3 (D.N.J. Dec. 22, 2010), the United States District Court for the District of New Jersey found that the plaintiffs sufficiently pled "specific facts regarding deductions and witholdings from their wages[,] including . . . their withholding of tips[,]" under the New Jersey Wage Payment Law ("NJWPL"). The NJPWL defines wages as "the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J. Stat. Ann. § 34:11-4.1.

Finally, in *Karl v. Uptown Drink, LLC*, 835 N.W.2d 14, 19 (Minn. 2013), the Supreme Court of Minnesota offered a compelling policy rationale for finding that gratuities met the definition of wages under the plaintiffs' wage deduction claim. Specifically, the court noted that "if gratuities were not 'wages' . . . it would allow employers whose employees receive gratuities to use self help to enforce a claimed indebtedness, creating different levels of protection for tipped and non-tipped employees." *Karl*, 835 N.W.2d at 19. According to the court, allowing such inequality would undermine the purpose of the state wage deduction statute. *Id.*

Similar to the wage statutes mentioned in *Hart* and *Karl*, the SCPWA was also drafted to protect the interests of employees. South Carolina courts have noted that the SCPWA "is remedial legislation designed to protect working people and assist them in collecting compensation wrongfully withheld." *Long v. Boston Scientific Corp.*, 665 F. Supp. 2d 541, 553 (D.S.C. 2008) (quoting *Dumas v. InfoSafe Corp.*, 463 S.E.2d 641, 645

(S.C. Ct. App. 1995) (internal quotation marks omitted)); s*ee also Weaver v. John Lucas Tree Expert Co.*, No. 2:13-cv-01698, 2013 WL 5587854, at *9 (D.S.C. Oct. 10, 2013) ("The South Carolina Supreme Court has noted on multiple occasions that 'the purpose of the [SCPWA] is 'to protect employees from the unjustified and willful retention of wages by the employer.'") (quoting *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 783 (S.C. 2010)).

For example, in *Weaver v. John Lucas Tree Expert Co.*, the court considered the SCPWA's purpose when considering the defendant's motion to dismiss an SCPWA claim. 2013 WL 5587854, at *9. The plaintiff alleged that the defendants "refused to pay him the accrued profit sharing promised under the contract" and that defendants' "failure to pay him all 'wages' earned and accrued was unreasonable, willful, and intentional." *Id.* In its order, the court first summarized the purpose of the SCPWA and then found that although profit sharing plans were expressly excluded from the definition of wages, it did not appear that the agreement at issue was "of the type envisioned by the South Carolina General Assembly." *Id.* at *9–*10. The court denied the defendants' 12(b)(6) motion to dismiss the SCPWA claim on this basis. *Id.*

In light of the established purpose of the SCPWA and the analogous case law from other jurisdictions, the Court finds that tips meet the definition of wages under the SCPWA. To dismiss Plaintiff's SCPWA claim on the basis proffered by Defendant would undermine the statute's intended purpose of "protect[ing] working people and assist[ing] them in collecting compensation wrongfully withheld." *Long*, 665 F. Supp. 2d at 553.

10

Further, the Court notes that tips could plausibly fall under the "amounts at which labor rendered is recompensed" language of the SCPWA. S.C. Code Ann. § 41-10-10.

Accordingly, upon review of the complaint and the pleadings, the Court finds that Plaintiff's allegations as to improper wage deductions advance a plausible basis for relief. At this stage, the allegations set forth in the complaint are sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Defendant's motion to dismiss (ECF No. 117) is DENIED. In light of this Order, Plaintiff may re-file her motion for class certification under Rule 23. Plaintiff should submit a proposed order with her motion to certify class.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
June 3, 2016