

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

INSTRUCTIONS FOR PROPOSED CIVIL   §         **STANDING ORDER**
JURY CHARGES FOR CASES BEFORE     §
JUDGE HENDRICKS                    §

All proposed jury instructions are required to be submitted in the following format:

(a) The parties are required to jointly submit one set of instructions, and are therefore required to serve their proposed instructions upon each other in time to confer and submit to the Court one complete set of agreed-upon joint instructions, as well as any disputed supplemental instructions, five (5) business days prior to jury selection. Joint instructions should be e-mailed to hendricks_ecf@scd.uscourts.gov. Do not electronically file in ECF. Please include the case number in the subject line of the e-mail message.

(b) The Court's preliminary and boilerplate jury instructions are attached. It is not necessary for attorneys to submit proposed instructions as to the matters contained in the attached instructions. If the parties in good faith believe that the standard instructions need to be tailored for the trial of the case, they may submit such modified instructions for the Court's review.

(c) If the parties cannot agree upon one entire set of joint instructions, they are required to submit joint instructions that have been agreed upon (labeled as Joint Request to Charge No. ____), and to submit supplemental instructions that have not been agreed upon (appropriately labeled as Plaintiff's Request to Charge No. ___ or Defendant's Request to Charge No. ___). Legal authority should be cited in all instructions. Each supplemental instruction should list any party requesting the instructions as well as any party's objection to the instruction. Along

with the notation of the party objecting to or requesting the instruction, the supplemental instruction should cite the legal authority in support of the requested instruction and the specific basis for each objection to the instruction. Objections should specifically and concisely set forth the objectionable material in the proposed instruction. The numbering of supplemental instruction should begin where the agreed-upon joint instructions end. A sample of each type of instruction (agreed-upon and objected-to) is attached for your reference.

(d)   All instructions should be concise, understandable, and neutral statements of law. Argumentative or formula instructions are improper, will not be given, and should not be submitted.

(e)   Failure to comply with any of the above instructions may subject the noncomplying party and/or its attorneys to sanctions.

**IT IS SO ORDERED.**

_____
Bruce Howe Hendricks
United States District Judge

June 25, 2014

### Duties of Jury to Find Facts & Follow Law

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law that applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, that is, what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathies. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return - that is a matter entirely for you to decide.

### Burden of Proof

At the beginning of the case, I told you that the plaintiff has the burden of proving the case by a preponderance of the evidence. That means that the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff and defendant's evidence

on opposite sides of an imaginary set of scales, the plaintiff would have to make the scales tip slightly to that side. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, that is, it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

There is one exception to the burden of proof requirement I just went over with you. As you will learn later in my remarks, there are two affirmative defenses asserted by the defendants to the defamation claim asserted in this case. As to these affirmative defenses, the defendants bear the burden of proof by a preponderance of the evidence. I will explain the affirmative defenses to you in more detail later in my instructions.

## Evidence

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have agreed to stipulate.

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts

are. I will list these things for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, then your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe that a question is improper under the rules of evidence. You should not be influenced by any of the objections or by my ruling on any of them.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide this case solely on the evidence received at the trial.

### Direct and Circumstantial Evidence

There are two kinds of evidence the law recognizes: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness who gets on the stand and tells you, "I saw it with my own eyes." Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. For example, circumstantial evidence allows you to infer the existence of fact B from proof that fact A exists, even though there is no eyewitness testimony about fact B. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any of the evidence in this case.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

### Credibility of Witnesses

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of the credibility, or believability, of each witness. You must decide for yourselves whether to believe the testimony of any witness. You may believe all or any part or nothing of what a witness said while on the stand. In determining whether to believe any witness, you should apply the same tests of truthfulness which you apply in your own everyday affairs. In doing this, you may take into account a number of factors including the following:

(1) Was the witness able to see, or hear, or know the things about which that witness testified?

(2) How well was the witness able to recall and describe those things?

(3) What was the witness's manner while testifying?

(4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

(5) How reasonable was the witness's testimony considered in light of all the evidence in the case?

(6) Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction by a witness is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.

## Summaries Not Received In Evidence

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## Use of Depositions – Written Form Only

During the trial of this case, certain testimony has been read to you by way of a deposition. The deposition testimony of a witness who, for some reason, cannot be present to testify from the witness stand is usually presented in writing under oath in the form of a deposition. Such testimony is entitled to the same consideration and, insofar as possible, is to be judged as to credibility and

weighed by you in the same manner as if the witness had been present.

### Expert Testimony

You have heard testimony from persons described as experts, persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged just as any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Liability of Corporations

In this case, the defendant is a corporation, which under the law is a person, but it can only act through its employees, agents, directors, or officers.  The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers, if but only if those acts are authorized.  An act is authorized if it is a part of the ordinary course and scope of employment of the person doing it.  Whether a particular act was authorized is a question you must decide on the evidence.

The fact that a plaintiff or defendant is a corporation should not affect your decision.  All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

I will now instruct you on the specific rules of law that apply to the two claims in this case.

*******

### Duty to Deliberate

When you retire to the jury room, you should first elect one from among you to serve as your

8

foreperson. The foreperson you select will preside over the deliberations and speak for the jury here in court.

After electing your foreperson, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

**Return of Verdict**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal (or CSO) outside your door that you are ready to return to the courtroom.

**Communicating With the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal (or CSO), signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**(Sample Joint Request to Charge)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Name, | ) | Civil Action No.:  -BHH |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JOINT REQUEST TO CHARGE** |
| | ) | **NO. ___** |
| Name, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff's claim in this case is based upon three alternative theories: (1) negligence, (2) strict liability, and (3) breach of warranty. The plaintiff is not required to prove all three of these theories in order for him to recover. Proof of his claim under any one of these theories would enable you to find that he is entitled to a verdict in his favor.

*Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321 (S.C. Ct. App. 1995).

Plaintiff agrees: _____

Defendant agrees: _____

11

**(Sample Supplmental Request to Charge)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Name, | ) | Civil Action No.:  -BHH |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S SUPPLEMENTAL** |
| v. | ) | **REQUEST TO CHARGE** |
| | ) | **NO. ___** |
| Name, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

"An employment contract for a definite term . . . generally continues until the expiration of the stated term, unless a right to terminate the contract sooner is reserved in the contract." 27 Am. Jur. 2d Employment Relationship § 30 (1996). In this case, the term is one year, with automatic renewal terms of one year provided.

Authority: Contract, Par. 10(a). "This Agreement shall be in effect for an initial term of one (1) year from December 9, 1995 through December 8, 1996, and shall be automatically renewed for successive one (1) year terms thereafter, unless either party gives written notice to the other party of its intention to terminate this agreement, such notice to be given no later than ninety (90) days prior to the last day of the then-existing term."

DEFENDANT'S OBJECTIONS:

The last sentence of this instruction should be excised because it seeks to charge the facts of the case, *Walker v. New Mexico & S.P.R. Co.*, 165 U.S. 593 (1897), and is not a complete statement of the contract provision. The contract automatically renews only if neither party gives notice of termination at least 90 days prior to the last day of the contract term.

Plaintiff: _____

Defendant: _____