**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| ALEXIS DEGIDIO, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 4:13-cv-02136-JD |
| v. ) ) | |
| CRAZY HORSE SALOON AND RESTAURANT, INC. d/b/a THEE NEW DOLLHOUSE, ) ) ) ) | |
| Defendant. ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, APPROVING ATTORNEY FEES, ATTORNEY EXPENSES, AND SERVICE AWARDS**

This matter came before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement (DE 305) ("Final Approval Motion") and Plaintiff's Unopposed Motion for Award of Attorneys' Fees, Expenses, and Service Payments (DE 306) ("Attorneys' Fee Motion").

WHEREAS, a putative class action is pending before the Court entitled <u>DeGidio v. Crazy Horse Saloon and Restaurant, Inc. d/b/a Thee New Dollhouse</u>, Case No. 4:13-cv-02136-JD (United States District Court for the District of South Carolina, Florence Division); and

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Class Representative and the Class Members on the one hand, and Crazy Horse Saloon and Restaurant, Inc. (the "Agreement") (DE 300-2), and has considered the terms of the proposed settlement set forth therein (the "Settlement"); and

WHEREAS, all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined herein; and

1

WHEREAS, on October 18, 2023, the Court entered its order preliminarily approving the Settlement of this class action as set forth in the Agreement, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (DE 301) (the "Preliminary Approval Order"); and

WHEREAS, the Preliminary Approval Order further directed that all Class Members be given notice of the Settlement and of the date for the final fairness hearing; and

WHEREAS, the Court has received the declaration of Caroline Barazesh of Analytics Consulting, LLC, attesting to the provision of notice in substantial accordance with the Preliminary Approval Order (DE 305-5); and

WHEREAS, the Court previously certified this action as a Class and Collective Action (DE 116, 166); and

WHEREAS, no objections to the Settlement were filed; and

WHEREAS, twenty-one Class Members opted out of the action in response to the first notice of class action, and one Class Member opted out of the action in response to the notice of settlement;

WHEREAS, the Court having conducted a Final Fairness Hearing on February 20, 2024 (the "Final Approval Hearing") and having considered the arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.     The Court has jurisdiction over the subject matter of this action, all Class Members who have not excluded themselves from the action, and all Defendants.

2.     In accordance with Rule 23(e) of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and

adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Agreement, the Agreement, the arguments of counsel, and all the files, records, and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3.   The Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, extensive discovery and motion practice, and good-faith arm's length negotiations between the parties, and it is fair, adequate, and reasonable to those it affects, considering the following factors: (i) the relative strength of Plaintiffs' case on the merits; (ii) the existence of any difficulties of proof or strong defenses Plaintiffs are likely to encounter if the case goes to trial; (iii) the anticipated duration and expense of additional litigation; (iv) the solvency of Defendants and the likelihood of recovery of a litigated judgment; and (v) the degree of opposition to the settlement. See In re Jiffy Lube Sec. Litig., 927 F.2d 155, 159 (4th Cir. 1991).

The Court hereby approves the Class Action Settlement Agreement and the Settlement set forth therein as being a fair, reasonable and adequate compromise of a *bona fide* dispute over the application of the provisions of the Fair Labor Standards Act and South Carolina wage-hour law. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this

case in particular.

4. The Settlement applies to, and shall be binding upon, the previously certified Rule 23 class, which is defined as:

> All persons who, during the period of March 1, 2012 to September 30, 2019, performed on at least one occasion as a dancer/entertainer at Defendant's adult entertainment club Thee Dollhouse/Thee New Dollhouse in North Myrtle Beach, South Carolina.

The Settlement also applies to, and shall be binding upon, the 15 individuals, including the Named Plaintiff DeGidio, who previously filed with this Court their written consent to join in a collective action under the Fair Labor Standards Act. The Settlement does not apply to, and is not binding upon, featured performers who only appeared at Defendant's club pursuant to an individually negotiated contract, in exchange for a guaranteed appearance fee paid by the club. The Settlement also does not apply to the individuals who previously requested exclusion from the class action or dismissal of their FLSA claims.

5. The Court finds that the Parties' notice plan, which was previously approved by the Court, was implemented appropriately and comported with the requirements of Rule 23, the class members' due process rights, and principles of fairness.

6. The Court approves the Parties' proposed plan of allocation of the FLSA & Costs Fund, which is as follows:

| | |
|---|---|
| Gross FLSA & Costs Fund: | $1,100,000 |
| Attorney Fees: | $675,000 |
| Attorney Expenses: | $322,257.51 |
| Administration Expenses: | $19,026 |
| Service/Incentive Award: | $35,000 (to Alexis DeGidio) |
| FLSA Opt-in Payments: | Remainder, in pro rata shares |

The individuals who submit claims approved by the Administrator shall share in the State Law Claims Fund of up to $1,100,000, and each claimant's payment shall be in the amounts

4

determined by the Administrator—and, to the extent challenged by Defendant, the Dispute Resolution Agent—based on the claimants' months of performance at Thee New Dollhouse within the class period, multiplied by the Parties' agreed-upon claim valuation formula. The 15 Opt-In Plaintiffs (including Plaintiff DeGidio) who filed their consents to join the action during the litigation shall receive equal shares of the amount remaining in the FLSA and Costs Fund, after fees and expenses are deducted from that account.

7.  Upon consideration of the factors enumerated in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978), the Court approves Class Counsel's request to be awarded attorney fees of $675,000, representing just under one-third of the Gross Maximum Settlement Amount. The request is reasonable in light of: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. The administrator is authorized to release Class Counsel's fee award in accordance with the schedule described in the settlement agreement.

8.  The Court approves Class Counsel's request to be reimbursed $322,257.51 in expenses from the FLSA and Costs Fund. Class Counsel and their local counsel incurred $321,257.51 in expenses while prosecuting this action as of February 23, 2024, and incurred additional expenses estimated at $1,000 to attend the final fairness hearing. The expenses are reasonable in light of the length of the litigation and the amount of discovery and travel undertaken by Class Counsel. The

administrator is authorized to release Class Counsel's expense award in accordance with the schedule described in the settlement agreement.

9. The Court approves the award of a $35,000 incentive/service payment to Named Plaintiff Alexis DeGidio. The payment is reasonable in light of the time, effort, and risks borne by Plaintiff DeGidio in furtherance of this action for the benefit of the class. The administrator is authorized to release payment to Plaintiff DeGidio in accordance with the settlement agreement.

10. The Court approves the Settlement Administrator's request to be reimbursed $19,026 in administration expenses from the FLSA and Costs Fund for costs incurred to date, plus its anticipated future costs to complete claim processing, payment distribution, and eventually closing the Qualified Settlement Account  These expenses are reasonable in light of the extensive work that the Administrator has engaged in to notify class members of this action and the work it will continue to perform processing all claims for payment from class members and distributing those payments.

11.  Class Members are hereby deemed to have released all Released State Law Claims as described in the Settlement Agreement ¶¶ 42, 89. Additionally, Named Plaintiff, Class Members who are Claimants, and the FLSA Opt-In Plaintiffs are deemed to have released all Released State Law Claims and all Released Federal Law Claims as described in the Settlement Agreement ¶¶ 35–36, 94–95. Defendant is deemed to have released all counterclaims as described in the Settlement Agreement, ¶¶ 32, 96.

12. As no objections to the settlement have been filed, the "Effective Date" for purposes of the Settlement Agreement is the date of this Order.

13. The settlement administrator is hereby authorized to release payments to Named Plaintiff, Class Members, Opt-in Plaintiffs, and Class Counsel in accordance with the plan and

schedule described in the Settlement Agreement.

14. This case is hereby **DISMISSED WITH PREJUDICE** and without costs to any Party, other than those specified in the Agreement and this Order.

15. Without affecting the finality of the Judgment in any way, the Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of any settlement funds to Plaintiff, Plaintiff's Counsel, and Class Members, (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and Settlement, and the administration of all Claims submitted by Class Members. The time to appeal from this Judgment shall commence upon its entry.

16. This Court finds that there is no just reason for delay and expressly directs judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 23, 2024